IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES H. SCHMAL,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC., d/b/a<br>FRANCISCAN ST. ANTHONY HEALTH,<br><br>    Defendant. | Case No.: 2-11-CV-418 |

## ANSWER

Defendant, Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health ("St. Anthony Health"), by counsel, for its Answer to the Complaint filed by plaintiff, James H. Schmal ("Plaintiff"), states as follows:

I.    Preliminary Statement.

1.    The plaintiff, James H. Schmall, alleges discrimination in the work place, by his former employer, St. Anthony Health.

**ANSWER:    St. Anthony Health admits that Plaintiff alleges discrimination in the work place and that it is Plaintiff's former employer, but denies that any discrimination occurred.**

2.    The challenged action violates the Americans with Disabilities Act of 1990, as amended, and the Americans with Disabilities Act Amendments Act of 2008, as amended, pursuant to 42 U.S.C. §12101, et seq.

**ANSWER:    St. Anthony Health denies that its action violates the Americans with Disabilities Act of 1990, as amended, and the Americans with Disabilities Act Amendments Act**

of 2008, as amended, pursuant to 42 U.S.C. §12101, et seq.

II. <u>Jurisdiction.</u>

3. This court has jurisdiction over the subject matter of this case, pursuant to 42 U.S.C. § 12117, 42 U.S.C. §2000 e-5, 28 U.S.C. § 1331. The plaintiff has filed a timely charge with the Equal Employment Opportunity Commission which issued a "Right to Sue Letter."

**ANSWER: St. Anthony Health admits that this court has jurisdiction over the subject matter of this case, and admits that Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission which issued a "Right to Sue Letter."**

III. <u>Parties.</u>

4. The plaintiff, James H. Schmal, is an adult male. He is a citizen of the United States and a resident of Lake County, Indiana.

**ANSWER: St. Anthony Health admits the allegations in rhetorical paragraph 4 of Plaintiff's Complaint.**

5. Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health is a domestic Indiana corporation.

**ANSWER: St. Anthony Health admits the allegations in rhetorical paragraph 5 of Plaintiff's Complaint.**

6. Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health employs more than fifteen employees.

**ANSWER: St. Anthony Health admits the allegations in rhetorical paragraph 6 of Plaintiff's Complaint.**

IV. <u>Factual Allegations.</u>

7. Plaintiff James H. Schmal was hired by St. Anthony Health on July 9, 1990. His most recent position was in the Environmental Services Department, and his job duties included collecting and disposing trash.

**ANSWER: St. Anthony Health admits the allegations in rhetorical paragraph 7 of Plaintiff's Complaint.**

8. Schmal is a person with intellectual and physical disabilities, as a result of suffering a stroke at the age of eleven months. Due to his intellectual disabilities, he has learning and cognitive impairments. He is only able to read at a primary elementary school level, and has a learning capacity at about a primary elementary school level. Schmal's intellectual disabilities also include emotional impairments (such as controlling his temper and ability to interact with others.) Schmal has epilepsy, which must be controlled by medication. Schmal also has a physical disability to his right arm, right hand and right leg.

**ANSWER: St. Anthony Health is without sufficient information to form a belief as to the truth of the allegations of rhetorical paragraph 8 of Plaintiff's Complaint and therefore denies same.**

9. Schmal is capable of performing the essential functions of the position that he worked, with reasonable accommodation for his disabilities.

**ANSWER: St. Anthony Health denies the allegations in rhetorical paragraph 9 of Plaintiff's Complaint.**

10. On February 25, 2011, Schmal was written up by a supervisor for using curse words and for showing his frustrations while on the job. On that day, Schmal became frustrated when he saw the condition of a stack of cardboard boxes that were left behind by others. While a supervisor accused Schmal of using curse words, he believed he was only thinking the words to himself. Schmal was not in an area where he would have been in contact with any patients, and he believed that he was alone.

**ANSWER: St. Anthony Health admits that Plaintiff was reported to have used curse words on the job on February 25, 2011. St. Anthony Health denies the balance of the allegations in rhetorical paragraph 10 of Plaintiff's Complaint.**

11. On March 25, 2011, St. Anthony Health suspended Schmal for three days without pay. On March 28, 2011, St. Anthony Health changed this suspension to a termination of employment. During the course of Schmal's employment with St. Anthony Health, and at the time of his termination, Schmal satisfactorily performed the functions of his job.

**ANSWER: St. Anthony Health admits that Plaintiff was reported to have used curse words on the job on February 25, 2011, that he received a suspension, and was subsequently terminated from employment. St. Anthony Health denies the balance of the allegations in rhetorical paragraph 11 of Plaintiff's Complaint.**

12. As a result of the employment practices by St. Anthony Health, in which it took corrective action and ultimately terminated Schmal due to the incident on February 25, 2011, Schmal has been discriminated against based on his disabilities, and in particular, based on his intellectual disability, in violation of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Amendments Act (ADAAA).

**ANSWER:** St. Anthony Health denies the allegations in rhetorical paragraph 12 of Plaintiff's Complaint.

13. The defendant failed to accommodate Schmal for his disabilities. As a result of the defendant's employment practices, the defendant has discriminated against Schmal on the basis of his disabilities.

**ANSWER:** St. Anthony Health denies the allegations in rhetorical paragraph 13 of Plaintiff's Complaint.

14. As a result of discrimination by St. Anthony Health, Schmal has been adversely affected. Schmal has lost his employment with St. Anthony Health, and has incurred a loss of income and benefits. He has also suffered humiliation, embarrassment, emotional and mental distress.

**ANSWER:** St. Anthony Health denies the allegations in rhetorical paragraph 14 of Plaintiff's Complaint.

V. <u>Legal Claims.</u>

15. Schmal hereby incorporates by reference paragraphs one (1) through fourteen (14) of his Complaint by reference.

**ANSWER:** St. Anthony Health incorporates by reference its answers to rhetorical paragraphs one (1) through fourteen (14) of Plaintiff's Complaint, as stated above.

16. Schmal was wrongfully terminated by the defendant, as the defendant has violated the Americans with Disabilities Act of 1990, as amended, and the Americans with Disabilities Act Amendments Act of 2008, as amended, pursuant to 42 U.S.C. §12101, et seq.

**ANSWER:** St. Anthony Health denies the allegations in rhetorical paragraph 16 of Plaintiff's Complaint.

17. The unlawful employment practices complained of were intentional.

**ANSWER: St. Anthony Health denies the allegations in rhetorical paragraph 17 of Plaintiff's Complaint.**

18. The unlawful employment practices complained of were done with malice or with reckless indifference of the federally protected rights of James Schmal.

**ANSWER: St. Anthony Health denies the allegations in rhetorical paragraph 18 of Plaintiff's Complaint.**

VI. <u>Prayer for Relief.</u>

WHEREFORE, the plaintiff requests that the court:

A. Issue a declaratory judgment that the discrimination of the plaintiff violates the ADA, and the ADAAA;

B. Enter an injunction against the defendant from further discrimination against the plaintiff, and order that the defendant institute and carry out policies, practices and programs which provide equal employment opportunities for the disabled, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the defendant to make whole James Schmal by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the defendant's unlawful employment practices, including, but not limited to reinstatement of Schmal to his employment, or in the alternative, an award of front pay;

D. Award the plaintiff compensatory damages and punitive damages, available under the ADA and the ADAAA, in an amount to be proved at trial;

E. Award the plaintiff costs and attorneys fees;

F.  Award the plaintiff all other just and equitable relief.

**ANSWER: St. Anthony Health denies that Plaintiff is entitled to any relief, and also requests that Plaintiff be ordered to reimburse St. Anthony Health for all of its costs and fees incurred in this matter.**

WHEREFORE, defendant, Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health, prays that plaintiff take nothing by way of his Complaint, that judgment be entered for Defendant and against Plaintiff, for costs and fees, and for all other just and appropriate relief in the premises.

VII. <u>Affirmative Defenses</u>

Defendant, Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health, for affirmative defenses to Plaintiff's Complaint, states the following:

1. Any allegation in Plaintiff's Complaint which has not been already specifically admitted, denied, or otherwise controverted, is hereby denied.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

4. No contentions or allegations support Plaintiff's claim for punitive or exemplary damages.

5. Plaintiff is not entitled to recover punitive damages because St. Anthony Health engaged in good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

6. Any claim for punitive or exemplary damages, or any other claim for damages, have federal and/or state statutory and common law damage caps that also apply to limit any such claims.

7. Plaintiff's claims are barred to the extent that he filed his Complaint more than 90 days after receiving his "Right to Sue Letter" from the Equal Employment Opportunity Commission.

8. The Complaint is barred because it was not filed within the appropriate statute of limitations.

9. Plaintiff's claims for relief are barred to the extent that he failed to mitigate his damages.

10. At all relevant times, Plaintiff was not a qualified individual with a disability as defined by the Americans with Disabilities Act.

11. Plaintiff failed to exhaust available administrative remedies.

WHEREFORE, defendant, Franciscan Alliance, Inc., d/b/a Franciscan St. Anthony Health, prays that plaintiff take nothing by way of his Complaint, that judgment be entered for Defendant and against Plaintiff, for costs and fees, and for all other just and appropriate relief in the premises.

Respectfully submitted,

**HOEPPNER WAGNER & EVANS LLP**

By: /s/Robert J. Dignam
    Robert J. Dignam
    Attorney No. 11177-45
    1000 East 80th Place
    South Tower, Sixth Floor
    P.O. Box 10627
    Merrillville, Indiana 46410
    Telephone: (219) 769-6552

## CERTIFICATE OF SERVICE

I certify that on December 20, 2011, service of a true, correct and complete copy of the foregoing **Answer** was made upon the following counsel of record via the Court's CM/ECF system and/or by depositing same in the United States mail properly addressed to them and with sufficient first-class postage pre-paid:

    Steven A. Johnson
    Michael J. Rappa
    Johnson, Rappa & Ivancevich, LLC
    250 East 90th Drive
    Merrillville, IN 46410
    1(219) 769-0087

    /s/ Robert J. Dignam
    Robert J. Dignam
    Attorney No.: 11177-45